TARIFA B. LADDON (SBN 240419)
tarifa.laddon@faegrebd.com
**FAEGRE BAKER DANIELS LLP**
1990 S. Bundy Dr., Suite 620
Los Angeles, CA 90025
Telephone: 310-500-2126
Fax: 310-500-2091

R. TREVOR CARTER (*pro hac vice* to be submitted)
trevor.carter@faegrebd.com
ANDREW M. MCCOY (*pro hac vice* to be submitted)
andrew.mccoy@faegrebd.com
TRENTON B. MORTON (*pro hac vice* to be submitted)
trenton.morton@faegrebd.com
REID E. DODGE (*pro hac vice* to be submitted)
reid.dodge@faegrebd.com
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Telephone: 317-237-0300
Fax: 317-237-1000

Attorneys for Plaintiff
INTEX RECREATION CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| INTEX RECREATION CORP., <br><br> Plaintiff, <br><br> vs. <br><br> BESTWAY (USA), INC., BESTWAY GLOBAL HOLDINGS INC., BESTWAY (HONG KONG) INTERNATIONAL, LTD., BESTWAY INFLATABLES & MATERIALS CORPORATION, and BESTWAY (NANTONG) RECREATION CORP., <br><br> Defendants. | Case No.: 16-cv-3950 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

US.106506052.01

Plaintiff Intex Recreation Corp. ("IRC"), for its complaint against Defendants, Bestway (USA), Inc. ("Bestway-USA"), Bestway Global Holdings Inc. ("Bestway Global"), Bestway (Hong Kong) International, Ltd. ("Bestway-Hong Kong"), Bestway Inflatables & Materials Corporation ("Bestway Inflatables"), and Bestway (Nantong) Recreation Corp. ("Bestway-Nantong"), (collectively, "Bestway" or "Defendants"), alleges as follows:

## THE PARTIES

1. IRC is a corporation organized and existing under the laws of the State of California.

2. IRC is in the business of selling many products, including inflatable spas, among many others.

3. On information and belief, Bestway-USA is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 3249 East Harbour Drive, Phoenix, Arizona.

4. On information and belief, Bestway Global is a corporation organized under the laws of the People's Republic of China, having a principal place of business at No. 3065 Cao An Road, Shanghai, China, 201812. On further information and belief, Bestway Global is registered to do business in California, and lists an agent for service of process at 20335 Howard Court, Woodland Hills, California.

5. On information and belief, Bestway-Hong Kong is a corporation organized under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, having a principal place of business at 66 Mody Road, Kowloon, Hong Kong.

6. On information and belief, Bestway Inflatables is a company organized under the laws of the People's Republic of China, having a principal place of business at No. 3065 Cao An Road, Shanghai, China, 201812.

7. On information and belief, Bestway-Nantong is a company organized under the laws of the People's Republic of China, having a principal place of business at No. 8 Huimin West Rd., Economic Development Zone, Rucheng Town, Nantong, Jiangsu, China, 226503.

## JURISDICTION AND VENUE

8. IRC realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-7, above.

9. This is an action for patent infringement arising under the laws of the United States, Title 35 of the United States Code, relating specifically to U.S. Patent No. 9,254,240 (the "Asserted Patent" or the "'240 Patent"). This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Bestway-USA. On information and belief, Bestway-USA has conducted, and does regularly conduct, business within the State of California including this District. Bestway-USA has made, used, offered to sell, sold, and/or imported into the United States, including to customers located within the State of California and this District, the Accused Products (as defined below). Bestway-USA has sought the protection and benefit from the laws of the State of California by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

11. This Court has personal jurisdiction over Bestway Global. On information and belief, Bestway Global has conducted, and does regularly conduct, business within the State of California including this District. Bestway Global—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—has made, used, offered to sell, sold, and/or imported into the United States, including to customers located within the State of California and this District, the Accused Products. Bestway Global—directly and/or

1  through intermediaries (including distributors, retailers, and others), subsidiaries, alter
2  egos, and/or agents—imports into the United States or offers to sell, sells, or uses
3  within the United States the Accused Products.  Bestway Global has purposefully and
4  voluntarily placed one or more of the Accused Products into the stream of commerce
5  with the awareness and/or intent that they will be purchased by consumers in this
6  District.  Bestway Global knowingly and purposefully ships the Accused Products
7  into and within this District through an established distribution channel.

8  12.  This Court has personal jurisdiction over Bestway-Hong Kong.  On
9  information and belief, Bestway-Hong Kong has conducted, and does regularly
10 conduct, business within the State of California including this District.  Bestway-
11 Hong Kong—directly and/or through intermediaries (including distributors, retailers,
12 and others), subsidiaries, alter egos, and/or agents—has made, used, offered to sell,
13 sold, and/or imported into the United States, including to customers located within
14 the State of California and this District, the Accused Products.  Bestway-Hong
15 Kong—directly and/or through intermediaries (including distributors, retailers, and
16 others), subsidiaries, alter egos, and/or agents—imports into the United States or
17 offers to sell, sells, or uses within the United States the Accused Products.  Bestway-
18 Hong Kong has purposefully and voluntarily placed one or more of the Accused
19 Products into the stream of commerce with the awareness and/or intent that they will
20 be purchased by consumers in this District.  Bestway-Hong Kong knowingly and
21 purposefully ships the Accused Products into and within this District through an
22 established distribution channel.

23 13.  This Court has personal jurisdiction over Bestway Inflatables.  On
24 information and belief, Bestway Inflatables has conducted, and does regularly
25 conduct, business within the State of California including this District.  Bestway
26 Inflatables—directly and/or through intermediaries (including distributors, retailers,
27 and others), subsidiaries, alter egos, and/or agents—has made, used, offered to sell,
28 sold, and/or imported into the United States, including to customers located within

the State of California and this District, the Accused Products. Bestway Inflatables—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—imports into the United States or offers to sell, sells, or uses within the United States the Accused Products. Bestway Inflatables has purposefully and voluntarily placed one or more of the Accused Products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. Bestway Inflatables knowingly and purposefully ships the Accused Products into and within this District through an established distribution channel.

14.   This Court has personal jurisdiction over Bestway-Nantong. On information and belief, Bestway-Nantong has conducted, and does regularly conduct, business within the State of California including this District. Bestway-Nantong—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—has made, used, offered to sell, sold, and/or imported into the United States, including to customers located within the State of California and this District, the Accused Products. Bestway-Nantong—directly and/or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—imports into the United States or offers to sell, sells, or uses within the United States the Accused Products. Bestway-Nantong has purposefully and voluntarily placed one or more of the Accused Products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. Bestway-Nantong knowingly and purposefully ships the Accused Products into and within this District through an established distribution channel.

15.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

# FACTUAL BACKGROUND

16. IRC realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-15, above.

**The '240 Patent**

17. The '240 Patent, entitled "Inflatable Spa," was duly and legally issued to inventors Hua Hsiang Lin and Yaw Yuan Hsu on February 9, 2016.  A true and accurate copy of the '240 Patent is attached hereto as Exhibit 1.

18. IRC is the exclusive licensee to the '240 Patent and has the right to sue for any infringement of the '240 Patent.

**Bestway's Accused Products**

19. On information and belief, Bestway is infringing the '240 Patent directly, jointly, contributorily, and/or by inducement, by, without authority, making, using, importing, selling, or offering for sale in the United States, including in this District, inflatable spas that embody claims in the '240 Patent or that are made using the inventive processes claimed in the '240 Patent.  Specifically, on information and belief, Bestway is infringing the '240 Patent by making, using, selling, offering for sale, and/or importing into the United States, or by importing into the United States or offering to sell, selling, or using within the United States at least the following products, (collectively, the "Accused Products"): Coleman™ Lay-Z-Spa™ (Model No. 54131E); Lay-Z-Spa™ HydroJet Pro™ Hawaii (Model Nos. 54138 and 54139); Lay-Z-Spa™ Palm Springs (Model Nos. 54129, 54130, 54135); and Lay-Z-Spa™ HydroJet™ Palm Springs (Model Nos. 54144 and 54145).

20. On information and belief, the Accused Products are or were available, and are or were being offered for sale and sold at, at least, Walmart stores and Walmart.com, Target.com, Amazon.com, and bhg.com.

**Bestway's Knowledge of, and Willful Infringement of, the '240 Patent**

21. Bestway's infringement has been, and continues to be, willful and deliberate.

22. On information and belief, Bestway actively monitors the inflatable spa industry and competitive intellectual property.

23. In a letter dated July 30, 2014, IRC informed Bestway Inflatables[1] that IRC owned U.S. patent application number 14/444,474 ("Patent Application"), which is the application that eventually issued as the '240 Patent. In its July 30, 2014 letter, IRC included copies of the Patent Application and explained that certain products in Bestway's 2015 catalog would infringe claims that would issue from the then-pending Patent Application.

24. In a letter dated October 2, 2014, IRC specifically informed counsel for Bestway that Bestway's importing and selling of the Coleman™ Lay-Z-Spa™ posed a "significant risk" to Bestway in view of the claims then-pending in the Patent Application.

25. On information and belief, on January 22, 2015, Bestway had actual notice that the Patent Application published as U.S. Patent Publication No. 2015/0020306 ("Patent Publication").

26. In a letter dated November 19, 2015, IRC informed counsel for Bestway that the United States Patent and Trademark Office had recently allowed claim 1 of the Patent Application, which is identical in scope to claims published in the Patent Publication, and which Bestway's Coleman™ Lay-Z-Spa™ infringed.

27. With knowledge of the '240 Patent and its infringing conduct, Bestway continues to make, use, sell, offer to sell, and/or import the Accused Products and/or import into the United States or offer to sell, sell, or use within the United States the Accused Products.

28. IRC has suffered and will continue to suffer damages from Bestway's acts of infringement complained of herein.

---

[1] Given the nature of the relationship between each of the Defendants, on information and belief, IRC's July 30, 2014 letter (including the copy of the Patent Application attached thereto), and all other correspondence with Bestway Inflatables, was also received by Defendants Bestway Global, Bestway-Hong King, Bestway-Nantong, and Bestway-USA.

## **INFRINGEMENT OF U.S. PATENT NO. 9,254,240**

29. IRC realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-28, above.

30. Bestway-USA has directly infringed, either individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Defendant or third party, and is still directly infringing, at least Claim 1 of the '240 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Products, and/or by importing into the United States or offering to sell, selling, or using within the United States the Accused Products. Bestway-USA will continue to infringe at least Claim 1 of the '240 Patent unless enjoined by this Court.

31. Bestway Global has directly infringed, either individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Defendant or third party, and is still directly infringing, at least Claim 1 of the '240 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Products, and/or by importing into the United States or offering to sell, selling, or using within the United States the Accused Products. Bestway Global will continue to infringe at least Claim 1 of the '240 Patent unless enjoined by this Court.

32. Bestway-Hong Kong has directly infringed, either individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Defendant or third party, and is still directly infringing, at least Claim 1 of the '240 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Products, and/or by importing into the United States or offering to sell, selling, or using within the United States the Accused Products. Bestway-Hong Kong will continue to infringe at least Claim 1 of the '240 Patent unless enjoined by this Court.

33. Bestway Inflatables has directly infringed, either individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Defendant or third party, and is still directly infringing, at least Claim 1 of the '240 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Products, and/or by importing into the United States or offering to sell, selling, or using within the United States the Accused Products.  Bestway Inflatables will continue to infringe at least Claim 1 of the '240 Patent unless enjoined by this Court.

34. Bestway-Nantong has directly infringed, either individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Defendant or third party, and is still directly infringing, at least Claim 1 of the '240 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Products, and/or by importing into the United States or offering to sell, selling, or using within the United States the Accused Products.  Bestway-Nantong will continue to infringe at least Claim 1 of the '240 Patent unless enjoined by this Court.

35. Bestway directly infringes at least Claim 1 of the '240 Patent, for example, because:

a. The Accused Products satisfy the limitation of having "a first wall;"

b. The Accused Products satisfy the limitation of having "a second wall;"

c. The Accused Products satisfy the limitation of having "an inflatable air chamber defined by the first wall and the second wall;" and

d. The Accused Products satisfy the limitation of having "a plurality of tensioning structures located in the air chamber and coupled to the first wall and the second wall, each tensioning structure including: at least one attachment sheet having an outer perimeter; and a porous sheet coupled to the at least one attachment sheet, the porous sheet having an outer perimeter that substantially overlaps the outer perimeter of the at

1   least one attachment sheet, the porous sheet including a plurality of
2   enclosed pores located entirely within the outer perimeter of the at least
3   one attachment sheet and a plurality of frame members that intersect to
4   define the plurality of enclosed pores."

5   36.   With knowledge of the '240 Patent, as described above, Bestway-USA
6   has actively induced one or more Defendants and/or third-party manufacturers,
7   distributors, importers, agents, and/or contractors to directly infringe at least Claim 1
8   of the '240 Patent by, for example, distributing or making available instructions or
9   manuals for manufacturing the Accused Products, and/or providing technical support
10  for doing the same.  On information and belief, Bestway-USA does so with
11  knowledge, or with willful blindness of the fact, that the induced acts constitute
12  infringement of at least Claim 1 of the '240 Patent.  Bestway-USA intends to cause
13  infringement by these Defendants, third-party manufacturers, distributors, importers,
14  agents, and/or contractors.

15  37.   With knowledge of the '240 Patent, as described above, Bestway-USA
16  has contributorily infringed at least Claim 1 of the '240 Patent by, for example,
17  selling or offering to sell a material or apparatus that is a component for use in
18  practicing at least Claim 1 of the '240 Patent.  On information and belief, Bestway-
19  USA does so with knowledge that the component was especially made or adapted for
20  use in a manner that would infringe at least Claim 1 of the '240 Patent when
21  Bestway-USA sold, offered to sell, or imported the component.  On information and
22  belief, these components are not staple articles of commerce capable of substantial
23  noninfringing uses.

24  38.   With knowledge of the '240 Patent, as described above, Bestway Global
25  has actively induced one or more Defendants and/or third-party manufacturers,
26  distributors, importers, agents, and/or contractors to directly infringe at least Claim 1
27  of the '240 Patent by, for example, distributing or making available instructions or
28  manuals for manufacturing the Accused Products, and/or providing technical support

1  for doing the same.  On information and belief, Bestway Global does so with
2  knowledge, or with willful blindness of the fact, that the induced acts constitute
3  infringement of at least Claim 1 of the '240 Patent.  Bestway Global intends to cause
4  infringement by these Defendants, third-party manufacturers, distributors, importers,
5  agents, and/or contractors.

6       39.   With knowledge of the '240 Patent, as described above, Bestway Global
7  has contributorily infringed at least Claim 1 of the '240 Patent by, for example,
8  selling or offering to sell a material or apparatus that is a component for use in
9  practicing at least Claim 1 of the '240 Patent.  On information and belief, Bestway
10 Global does so with knowledge that the component was especially made or adapted
11 for use in a manner that would infringe at least Claim 1 of the '240 Patent when
12 Bestway Global sold, offered to sell, or imported the component.  On information and
13 belief, these components are not staple articles of commerce capable of substantial
14 noninfringing uses.

15      40.   With knowledge of the '240 Patent, as described above, Bestway-Hong
16 Kong has actively induced one or more Defendants and/or third-party manufacturers,
17 distributors, importers, agents, and/or contractors to directly infringe at least Claim 1
18 of the '240 Patent by, for example, distributing or making available instructions or
19 manuals for manufacturing the Accused Products, and/or providing technical support
20 for doing the same.  On information and belief, Bestway-Hong Kong does so with
21 knowledge, or with willful blindness of the fact, that the induced acts constitute
22 infringement of at least Claim 1 of the '240 Patent.  Bestway-Hong Kong intends to
23 cause infringement by these Defendants, third-party manufacturers, distributors,
24 importers, agents, and/or contractors.

25      41.   With knowledge of the '240 Patent, as described above, Bestway-Hong
26 Kong has contributorily infringed at least Claim 1 of the '240 Patent by, for example,
27 selling or offering to sell a material or apparatus that is a component for use in
28 practicing at least Claim 1 of the '240 Patent.  On information and belief, Bestway-

1    Hong Kong does so with knowledge that the component was especially made or
2    adapted for use in a manner that would infringe at least Claim 1 of the '240 Patent
3    when Bestway-Hong Kong sold, offered to sell, or imported the component.  On
4    information and belief, these components are not staple articles of commerce capable
5    of substantial noninfringing uses.

6           42.    With knowledge of the '240 Patent, as described above, Bestway
7    Inflatables has actively induced one or more Defendants and/or third-party
8    manufacturers, distributors, importers, agents, and/or contractors to directly infringe
9    at least Claim 1 of the '240 Patent by, for example, distributing or making available
10   instructions or manuals for manufacturing the Accused Products, and/or providing
11   technical support for doing the same.  On information and belief, Bestway Inflatables
12   does so with knowledge, or with willful blindness of the fact, that the induced acts
13   constitute infringement of at least Claim 1 of the '240 Patent.  Bestway Inflatables
14   intends to cause infringement by these Defendants, third-party manufacturers,
15   distributors, importers, agents, and/or contractors.

16          43.    With knowledge of the '240 Patent, as described above, Bestway
17   Inflatables has contributorily infringed at least Claim 1 of the '240 Patent by, for
18   example, selling or offering to sell a material or apparatus that is a component for use
19   in practicing at least Claim 1 of the '240 Patent.  On information and belief, Bestway
20   Inflatables does so with knowledge that the component was especially made or
21   adapted for use in a manner that would infringe at least Claim 1 of the '240 Patent
22   when Bestway Inflatables sold, offered to sell, or imported the component.  On
23   information and belief, these components are not staple articles of commerce capable
24   of substantial noninfringing uses.

25          44.    With knowledge of the '240 Patent, as described above, Bestway-
26   Nantong has actively induced one or more Defendants and/or third-party
27   manufacturers, distributors, importers, agents, and/or contractors to directly infringe
28   at least Claim 1 of the '240 Patent by, for example, distributing or making available

1 instructions or manuals for manufacturing the Accused Products, and/or providing
2 technical support for doing the same. On information and belief, Bestway-Nantong
3 does so with knowledge, or with willful blindness of the fact, that the induced acts
4 constitute infringement of at least Claim 1 of the '240 Patent. Bestway-Nantong
5 intends to cause infringement by these Defendants, third-party manufacturers,
6 distributors, importers, agents, and/or contractors.

7      45. With knowledge of the '240 Patent, as described above, Bestway-
8 Nantong has contributorily infringed at least Claim 1 of the '240 Patent by, for
9 example, selling or offering to sell a material or apparatus that is a component for use
10 in practicing at least Claim 1 of the '240 Patent. On information and belief, Bestway-
11 Nantong does so with knowledge that the component was especially made or adapted
12 for use in a manner that would infringe at least Claim 1 of the '240 Patent when
13 Bestway-Nantong sold, offered to sell, or imported the component. On information
14 and belief, these components are not staple articles of commerce capable of
15 substantial noninfringing uses.

16      46. Bestway will continue to infringe the '240 Patent, causing immediate
17 and irreparable harm to IRC, unless this Court enjoins and restrains Bestway's
18 activities.

19      47. Bestway's acts of infringement have deprived, and will continue to
20 deprive, IRC of sales, profits, and other related revenue that IRC would have made or
21 would enjoy in the future; has injured IRC in other respects; and will continue to
22 cause IRC added injury and damage unless and until the Court enters an injunction
23 prohibiting further infringement, and specifically enjoins further manufacture, use,
24 offers for sale, sale, and importation of the Accused Products.

25      48. IRC is entitled to recover damages adequate to compensate for
26 Bestway's infringement, including, but not limited to, lost profits, a reasonable
27 royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble
28

1  damages, pre and post judgment interest at the maximum allowable rate, costs,
2  attorneys' fees, and other such relief this Court deems proper.

3  49.  On information and belief, Bestway's infringement of the '240 Patent is
4  willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284.  Further, this
5  is an exceptional case supporting an award of reasonable attorneys' fees pursuant to
6  35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Intex Recreation Corp., respectfully requests that the Court enter judgment in its favor and against Bestway, and provide Intex Recreation Corp. the following relief:

A.  Order, adjudge, and decree that U.S. Patent 9,254,240 is valid, enforceable, and infringed by Bestway;

B.  Enter a permanent injunction against Bestway enjoining it, its directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity or in concert or participation with Bestway from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '240 Patent;

C.  Award IRC its damages for patent infringement pursuant to 35 U.S.C. §§ 284 and 154(d), and pre and post judgment interest as allowed by law;

D.  Order, adjudge, and decree that Bestway's infringement of the '240 Patent has been deliberate and willful, and award IRC treble damages under 35 U.S.C. § 284;

E.  Find that this case is "exceptional" under 35 U.S.C. § 285, and award IRC its costs and reasonable attorney's fees as provided in 35 U.S.C. § 285; and

/ / / /

/ / / /

F. Award such other and further relief as the Court deems just and proper.

Dated: June 6, 2016                    FAEGRE BAKER DANIELS LLP

By: /s/ Tarifa B. Laddon
TARIFA B. LADDON
R. TREVOR CARTER
ANDREW M. MCCOY
TRENTON B. MORTON
REID E. DODGE

Attorneys For Plaintiff,
INTEX RECREATION CORP.

## REQUEST FOR TRIAL BY JURY

Plaintiff, Intex Recreation Corp. respectfully requests a trial by jury on all issues so triable.

Dated: June 6, 2016                    FAEGRE BAKER DANIELS LLP

By: /s/ Tarifa B. Laddon
TARIFA B. LADDON
R. TREVOR CARTER
ANDREW M. MCCOY
TRENTON B. MORTON
REID E. DODGE

Attorneys For Plaintiff,
INTEX RECREATION CORP.